605 A.2d 437

**CHEMLAWN SERVICES CORPORATION, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1992.

Decided March 6, 1992.

236

---

Dennis A. Watson, for petitioner.

Dwight–Jared Smith, Asst. Counsel, for respondent.

Before DOYLE and KELLEY, JJ., BARRY, Senior Judge.

KELLEY, Judge.

■ On June 1, 1990, an employee of Chemlawn Services Corporation (Chemlawn) went to the home of a customer, Dr. and Mrs. Marvin Bennett, and treated their lawn with pesticides. Subsequently, Irena Kierski, whose property is adjacent to the Bennetts, filed a complaint with the Department of Agriculture alleging that the Chemlawn employee had sprayed some of her property in the process of spraying the lawn of the Bennetts. The department assessed a $500 civil penalty against Chemlawn for violating the Pennsylvania Pesticide Control Act of 1973 (Act).[1] Chemlawn requested an administrative hearing, after which the penalty was affirmed by decision of the Secretary of Agriculture (Secretary) for a violation of Section 8(j) of the Act,[2] which states that "[n]o person shall operate pesticide application equipment or devices in a faulty, careless or negligent manner." This appeal followed.[3]

■ Chemlawn first argues that the decision is not supported by substantial evidence. The first part of this argument attacks Mrs. Kierski's testimony as not being specific enough as to where the Chemlawn employee sprayed. Chemlawn cites the following portion of Mrs. Kierski's testimony:

Q. What type of trucks are you talking about?

A. Those are the tank trucks that was parked in front of the Bennett's property and then the spraying began. I have—I was unable to go and I watched through the window how the spraying was continued from the house of Mr. and Mrs. Bennett and then it continued towards

1. Act of March 1, 1974, P.L. 90, *as amended,* 3 P.S. §§ 111.21–111.61. Civil penalties are authorized for violations of the Act under Section 30.1, added by Section 14 of the Act of December 12, 1986, P.L. 1542, 3 P.S. § 111.50a.

2. 3 P.S. § 111.28(j).

3. This court's scope of review from a decision of the Secretary is to determine if constitutional rights have been violated, an error of law has been committed, or necessary findings of fact are not supported by substantial evidence. *Willard Agri–Service, Inc. v. Department of Agriculture,* 123 Pa.Commonwealth Ct. 466, 554 A.2d 596 (1989).

my property. And then it went—then it continued further down into the property where it borders my line and the spraying was done. And then when the applicator, which found later on—I shall continue. Then when it went toward my property, at that point I ran out of the house and I started calling please stop the spraying, you are spraying my property. And as I approached the applicator—and I said you are spraying my property and he said that is not your property. And I said that is my property and as I proceeded to enter that area to show the markers, I said here are the markers, that's my property. He said don't step in there because I have just sprayed there. And I said well you've sprayed my property. He said but please don't—don't walk in there, you don't have any protective shoes. And I said do you? And he said yes, I do, I have the galoshes on. Only he had in fact rubber boots on. And then I asked at that point, do you have the I.D., what is your name? He has handed me his I.D. at which point I couldn't read it, I didn't have my glasses on. And he—and I asked what his name was. And then he identified himself Frank Pantely. I could see there was an I.D. but I could not read the details. And he—and I said have you asked Mr. Bennett where is the property line, did you consult Mr. Bennett? He said yes. He said this is your property over there and this is Mr. Bennett's. I said no, it is not. Can't you see the stakes over there? This is my property and this is my property line. And he said to—no, this is Mr. Bennett's property, with a wave of hand. At that point I started walking away from him and then he resumed his spraying. And then I stopped again and I said if you were— and then he said he was fifteen years being an applicator and I said if you are fifteen years doing the job and I am within a short distance from you, you have no business spraying until I am within safe distance of the spraying. And he said to—he stopped then and I walked away and went in the house and that was all.

Reproduced Record at 20a–22a. We believe this testimony is substantial evidence in support of the finding that Chemlawn's employee sprayed Kierski's property. Although Chemlawn characterizes her testimony as "rambling, nonresponsive, and at times confusing", Kierski testified that she showed the employee the stakes marking the property line to prove to him that he was spraying on her property and she clearly stated that she was standing on what she believed to be her property when the employee said that she was standing where he had sprayed.

As part of its substantial evidence argument, Chemlawn also argues that the analysis of two soil samples taken by the department does not support a finding that Chemlawn had sprayed Kierski's property. Chemicals used by Chemlawn were only found in one of the samples and in very minute amounts. In his decision, the Secretary concedes that this evidence was inconclusive, but the argument is irrelevant since Kierski's testimony constitutes substantial evidence.

Lastly, Chemlawn argues that the department erroneously interpreted and applied Section 8(j). Chemlawn states that it cannot be charged with a Section 8(j) violation because if its employee was negligent in any fashion it was in ascertaining the property line, not in operating the equipment. In other words, Chemlawn is arguing that, while it may be guilty of a trespass, it cannot be found to have violated Section 8(j) if its employee was not operating his equipment in a faulty, careless or negligent manner during the trespass. Chemlawn also cites the Act's provision for criminal sanctions in arguing that the section should be construed narrowly.[4]

Under Chemlawn's interpretation of Section 8(j), its employees would be able to spray the entire property of a neighbor with impunity with respect to the Act, as long as they operated their equipment with the standard procedural

4. Criminal penalties for violations of the Act are found in Section 29, 3 P.S. § 111.49. It is possible pursuant to this section for the department to pursue criminal penalties for a violation of Section 8(j).

safeguards. We do not believe the concept of faulty, careless or negligent operation of application equipment excludes the negligent spraying of adjacent property while treating a customer's property. However, while we do not accept Chemlawn's interpretation of the section, we are concerned that the department may have improperly imposed a standard of absolute liability in concluding that there was a violation of the Act.

In his decision, the Secretary did not find that the employee had operated his equipment in a faulty, careless or negligent manner, although he did make a conclusion of law to this effect. In the discussion portion of his decision, the Secretary states that "it was faulty, careless and negligent to spray chemicals on a non-target site. Whether the applicator stood on the non-target site or next to it is not the point. The spraying of the neighbor's property is the violation."

Our reading of this decision gives us the impression that, in the Secretary's eyes, the fact that any pesticide at all finds its way onto a non-target site automatically makes the applicator liable for violating Section 8(j). The statute, however, requires a finding that the operation of the equipment was in a faulty, careless or negligent manner. We can think of situations where an applicator's conduct may not be negligent, faulty or careless, but some amount of pesticide nevertheless finds its way to a neighbor's lawn, such as where a sudden gust of wind takes a minute amount over a property line or where the applicator relies on survey markers which have been improperly placed. Because the Secretary appears to have applied a standard of absolute liability whereby a violation occurs whenever any pesticide is applied to a non-target site, we will vacate his order and remand so that he may reconsider his decision in accordance with the language of the statute and so that he may make a finding as to whether the applicator operated his equipment in a faulty, careless or negligent manner.

## ORDER

NOW, this 6th day of March, 1992, the order of the Secretary of Agriculture, dated May 14, 1991, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.